**THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **LINDELL Y. MILLER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CITY OF STOCKBRIDGE GOVERNMENT,**<br><br>**Defendant.** | **CIVIL ACTION FILE NO.:**<br><br>**1:23-cv-04022-MHC-JEM** |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## I. THE ALLEGATIONS IN PLAINTIFF'S COMPLAINT.

On October 19, 2023, Plaintiff Lindell Miller ("Plaintiff") filed a *pro se* Complaint against the City of Stockbridge, (incorrectly identified in the Complaint as "City of Stockbridge Government") ("Defendant" or "Stockbridge") using the Court's standard preprinted employment discrimination form for her Complaint.[1] (Doc. 6). Although Stockbridge is the only defendant named in the caption of the Complaint, Plaintiff later listed as defendants three individuals: Yolanda Barber, Alfonso Thomas, and Vanessa Holiday. (Id. at p. 3). On March 4, 2024, Plaintiff

[1] Plaintiff originally filed her Complaint on September 8, 2023 with her application for leave to proceed *in forma pauperis* ("IFP Application"). (Doc. 1). On October 10, 2023, the Court denied Plaintiff's IFP Application. (Doc. 5).

served Stockbridge with her Complaint.

Under the "Claims and Jurisdiction" heading of the Complaint, Plaintiff purports to file claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1967, ("ADEA") however, later in the Complaint, she appears to abandon her ADEA claims by stating that she believes only that was discriminated against on the basis of her national origin (unspecified) and retaliated against for engaging in protected activity under Title VII. (Compare Doc. 6 at pgs. 1-2 with p. 6). Plaintiff also makes vague and conclusory references to "bullying" and "harassment" and indicates that unidentified violations of Title VII occurred from July 13, 2020 through May 30, 2023, "in a public forum at numerous City of Stockbridge Council meetings." (Id. at pgs. 4, 6).

When prompted to provide the essential facts of her claims and to describe the conduct which was discriminatory and retaliatory and, "how each defendant was involved," Plaintiff provided no facts and instead wrote, "Please see attached summary." Plaintiff failed to include a written summary of any of her claims and instead attached 130 pages of documents with no explanation of what those documents were or how they might relate to any of her claims. (Id. at pgs.7-140).

## II. ARGUMENT AND CITATION OF AUTHORITIES.

### A. The Applicable Legal Standards.

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading states a claim

when it contains, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2).[2] Rule 10 of the Federal Rules of Civil Procedure is supposed to work in tandem with Rule 8 "to require the pleader to present her claims discretely and succinctly, so that [(1)] her adversary can discern what she is claiming and frame a responsive pleading, [and (2)] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." Fikes v. City of Daphne, 79 F.3d 1079, 1082-83 (11th Cir. 1996) (internal quotations omitted).

Under Federal Rule of Civil Procedure 12(b)(6), a claim will be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Supreme Court has explained this standard as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citation omitted). Thus, a claim will survive a motion to dismiss only if the factual allegations in the pleading

[2] At 140 pages, which includes 130 pages of documents, Plaintiff's Complaint is anything but a "short and plain statement" of her claims, as required by Fed. R. Civ. P. 8(a)(2).

are “enough to raise a right to relief above the speculative level.” Twombly, 550 U.S. at 555. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a “probability requirement,” but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citation omitted).

### B. Plaintiff’s Complaint Must Be Dismissed Because It Is a Shotgun Pleading in Violation of Fed. R. Civ. P. 8(a)(2) and 10(b).

A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or 10(b), or both. Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015); Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Although a court liberally construes a *pro se* litigant's complaint, a *pro se* party “still must comply with the procedural rules governing the proper form of pleadings,” including Rules 8 and 10. See McNeil v. United States, 508 U.S. 106, 113 (1993) (noting that *pro se* litigants must comply with procedural rules that govern pleadings); Heard v. Nix, 170 Fed. Appx. 618, 619 (11th Cir. Feb. 23, 2006) (per curiam). Furthermore, this Court “cannot serve as *de facto* counsel for a party, or rewrite an otherwise deficient pleading in order to sustain an action.” Weil v. Phillips, 816 Fed. Appx. 339, 341 (11th Cir. 2020) (internal quotation marks, alterations, and citation omitted). Lampkin-Asam v. Volusia Cnty. Sch. Bd., 261 Fed. Appx. 274, 277 (11th Cir. Jan.

9, 2008) (holding that leniency in construing *pro se* pleadings "does not permit the district court to act as counsel for a party or to rewrite deficient pleadings") (internal citations omitted); Peterson v. Atlanta Hous. Auth., 998 F.2d 904, 912 (11th Cir. 1993) (a court is under no duty to "re-write" a *pro se* plaintiff's complaint to find a claim).

The Eleventh Circuit has identified four categories of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does not separate each cause of action or claim for relief into a different count; and/or (4) a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-22 (11th Cir. 2015).

Generally, "shotgun pleadings" are defined by "the failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading." Beckwith v. Bellsouth Telecomms., Inc., 146 Fed. Appx. 368, 371 (11th Cir. 2005). The "unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland

792 F.3d, at 1323 (11th Cir. 2015). Consequently, the Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil dockets in countless ways." PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010). "Among other things, shotgun pleadings require courts to sift through rambling and often incomprehensible allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a 'massive waste of judicial and private resources.'" Robinson v. Choice Hotels Int'l Serv. Corp. Serv. Co., No. 1:22-CV-3080-MHC, 2023 U.S. Dist. LEXIS 92316, at *5, n.3 (N.D. Ga. Apr. 13, 2023) (internal citations and quotations omitted).

Plaintiff's Complaint, which she has asserted against four defendants, is an impermissible shotgun pleading, which makes it impossible for Stockbridge (or any of the Defendants) to determine if her claims state a cognizable basis in law or fact. See Roundtree v. McBrayer, No. 1:20-cv-4279-MHC-JKL, 2020 U.S. Dist. LEXIS 272346, at *6 (N.D. Ga. Nov. 2, 2020) (dismissing *pro se* plaintiff's complaint as a shotgun pleading which violated Fed. R. Civ. P. 8 and 10 where plaintiff merely made vague references to "harassment," and "bullying," which lacked the factual detail necessary for the court or the defendant to evaluate whether plaintiff was entitled to any relief).

Plaintiff fails to identify *any* factual allegations in support of her claims, let

alone connect any factual allegations to each cause of action, making it impossible to determine what facts, if any, she is alleging in support of her claims. See Blochowicz v. Wilkie, 853 Fed. Appx. 491, 492 (11th Cir. 2021) (concluding that the district court properly dismissed *pro se* plaintiff's complaint as a "quintessential shotgun pleading" prohibited by Eleventh Circuit precedent because the complaint was replete with, "conclusory, vague, and immaterial facts untethered to legal claims").

Plaintiff also fails to identify what, if anything, any of the four defendants did to discriminate or retaliate against her, nor does she attempt to distinguish her claims amongst any of the four defendants. See Fields v. Conrad, No. 21-10825, 2022 U.S. App. LEXIS 2928, at *7 (11th Cir. Feb. 1, 2022) (stating that district court properly concluded *pro se* plaintiff's amended complaint was a shotgun pleading because it, (1) was "full of conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (2) failed to separate each cause of action into different counts; and (3) "assert[ed] multiple claims against multiple defendants without specifying which of the defendants . . . the claim [wa]s brought against.").

Plaintiff likewise does not explain how, if at all, the myriad and wide-ranging documents attached to her Complaint apply to her Title VII claim (or to her ADEA claim to the extent she is attempting to assert one) or to each defendant. Essentially, Plaintiff is impermissibly seeking to have each defendant, and the Court, sift through

her 140-page Complaint to determine which facts might apply to which claims, and to determine which claims are alleged against which defendant. See Est. of Bass v. Regions Bank, Inc., 947 F.3d 1352, 1358 (11th Cir. 2020) ( "[A shotgun] pleading is never plain because it is impossible to comprehend which specific factual allegations the plaintiff intends to support which of his causes of action, or how they do so. It is not the proper function of courts in this Circuit to parse out such incomprehensible allegations[.]"); United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) (observing that the district court should not "sift" through a plaintiff's complaint to find the allegations that pertain to the cause of action purportedly stated and disregard other allegations which do not relate to the claim). For these reasons, Plaintiff's shotgun Complaint must be dismissed and she must be required to replead her Complaint. See e.g., Saiah v. Enhanceit, No. 1:20-cv-4591-SDG-JKL, 2020 U.S. Dist. LEXIS 258900, at *19-20 (N.D. Ga. Dec. 4, 2020) (dismissing plaintiff's *pro se* employment discrimination complaint, without prejudice, to allow plaintiff one opportunity to replead her claims).

**C. Plaintiff's Putative Title VII and ADEA Claims Against the Individual Defendants Fail to State a Claim for Relief Under Fed. R. Civ. P. 12(b)(6).**

To the extent that Plaintiff purports to sue Defendants Barber, Thomas, and Holiday in their individual capacities, that is not permitted under Title VII or the ADEA. See 42 U.S.C. 2000e(b); 2000e-2(a); 29 U.S.C. § 630(b); Smith v. Lomax,

45 F.3d 402, 403 n. 4 (11th Cir. 1995) (Individuals "cannot be held liable under the ADEA or Title VII."). Accordingly, any claims Plaintiff attempts to assert against the individual defendants under any federal employment statute would fail to state a claim for relief under Fed. R. Civ. P. 12(b)(6). Thus, Plaintiff's Complaint against the individual defendants, in addition to being a shotgun pleading, is subject to dismissal, with prejudice, for failure to state a claim for relief. Brunson v. DeKalb Cnty. Sch., No. 1:19-cv-03819-WMR, 2020 U.S. Dist. LEXIS 256182, at *8 (N.D. Ga. Sep. 10, 2020) (dismissing plaintiff's ADEA claims against individual defendants, with prejudice, for failure to state a claim under Fed. R. Civ. P. 12(b)(6); Lewis v. Home Depot, No. 1:14-CV-03871-AT-CMS, 2015 U.S. Dist. LEXIS 180923, at *14 (N.D. Ga. Sept. 30, 2015) (Salinas, M.J.), *adopted at* 2015 U.S. Dist. LEXIS 180922 (N.D. Ga. Oct. 26, 2015) (Totenberg, J.) (dismissing plaintiff's Title VII claims against individual defendants, with prejudice, for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6)).

## III. CONCLUSION.

For the foregoing reasons, Defendant respectfully requests that this Court grant its motion to dismiss Plaintiff's Complaint.

Respectfully submitted this 25th day of March, 2024.

**LEWIS BRISBOIS BISGAARD SMITH, LLP**

By: /s/ *Toni J. Read*

Toni J. Read
Georgia Bar No. 140982
600 Peachtree Street, N.E.
Suite 4700
Atlanta, GA 30308
(404) 567-6589 (telephone)
(404) 467-8845 (facsimile)
Email: toni.read@lewisbrisbois.com

***Attorneys for Defendant***
***City of Stockbridge***

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that this **Defendant's Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's Complaint** complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia and has been typed in Times New Roman 14 count.

/s/ *Toni J. Read*
Toni J. Read

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 25th day of March, 2024, that the foregoing **Defendant's Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's Complaint** was filed electronically with the Clerk of Court using the CM/ECF system. The undersigned also certifies that a copy has been sent via U.S. Mail, postage prepaid and addressed as follows to Plaintiff at the following mailing address contained in her Complaint:

Lindell Y. Miller
20 Fox Chase Ct.
Stockbridge, GA 30281

/s/ *Toni J. Read*
Toni J. Read