**THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **LINDELL Y. MILLER,**<br><br>**Plaintiff,**<br>**v.**<br><br>**CITY OF STOCKBRIDGE GOVERNMENT,**<br><br>**Defendant.** | **CIVIL ACTION FILE NO.:**<br><br>**1:23-cv-04022-MHC-JEM** |

**<u>DEFENDANT'S INITIAL DISCLOSURES</u>**

Defendant City of Stockbridge, (incorrectly identified in the Complaint as "City of Stockbridge Government") ("Defendant" or "Stockbridge"), pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and Local Rule 26.1, hereby makes its Initial Disclosures. The responses set forth herein constitute the best information presently available to Defendant. Defendant has not completed its investigation of the facts underlying this lawsuit, nor has it completed its discovery or preparation of this case for trial. Accordingly, these responses are provided without prejudice to Defendant's rights to timely amend, supplement, or change said responses if and when additional, different, or more accurate information becomes available.

**(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**



158232272.1

The Defendant in this action is the City of Stockbridge, Georgia. Defendant will accept an amended summons and complaint that reflect the information disclosed in this response.

**(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

Not applicable.

**(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or cross-claims asserted by defendant in the responsive pleading.**

Plaintiff is a former employee of Defendant who voluntarily resigned her employment in September 2023. Plaintiff alleges claims national origin discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e et seq. ("Title VII"). Defendant denies Plaintiff's allegations in their entirety.

Plaintiff's national origin harassment claim is not viable given that her colleagues' alleged actions were not based on her national origin, and were not sufficiently severe or pervasive to amount to a change in the terms and conditions of Plaintiff's employment. Moreover, Plaintiff did not report any allegations of national origin harassment at any time prior to her voluntary resignation. Furthermore, Plaintiff's retaliation claims are without merit because she did not

engage in protected activity and was not subjected to any materially adverse employment action at any time prior to her voluntary resignation.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

There is a large body of legal authority relating to the claims in the Complaint that may be directly, indirectly, or potentially applicable to this matter. Without waiver or limitation of any defense, Defendant identifies the following authority as representative of some of the legal principles applicable to those claims:

**(a) Relevant Statutes and Regulations:** 42 U.S.C. §2000e et. seq.

**(b) Relevant case law:** McDonnell Douglas v. Green, 411 U.S. 792 (1973); Texas Dept. of Cmty. Affairs v. Burdine, 450 U.S. 248 (1981); Celotex Corp. v. Catrett, 477 U.S. 317 (1986); St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993); Faragher v. City of Boca Raton, 524 U.S. 775 (1998); Burlington Indus., Inc. v. Ellerth, 524 U.S. 765 (1998); Univ. of Texas Southwestern Med. Ctr. v. Nassar, 570 U.S. 338 (2013); Hallford v. Kelley, 184 Ga. App. 90, 92 (Ga. Ct. App. 1987); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1329 (N.D. Ga. 2009; MARTA v. Mosley, 280 Ga. App. 486, 490 (2006); Johnson v. Healthy Reasons Inc., No. 1:22-cv-03068-WMR-LTW, 2024 U.S. Dist. LEXIS 26759 (N.D. Ga. Feb. 15, 2024); Piedmont Hosp., Inc. v. Palladino, 276 Ga. 612, 613 (2003); Alpharetta

First United Methodist Church v. Stewart, 221 Ga. App. 748, 752 (1996); Solis v. Lamb, 244 Ga. App. 8 (Ga. Ct. App. 2000).

**(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Responses to Initial Disclosures as Attachment A.)**

Please see Attachment A.

**(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)**

At this time, Defendant has not identified any expert witness(es) it intends to use at trial.

**(7) Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Responses to Initial Disclosures as Attachment C.)**

Please see Attachment C.

**(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Responses to Initial Disclosures as Attachment D.)**

At this time, Defendant does not claim damages in this suit. Defendant, however, reserves the right to seek recovery of its costs in an amount to be determined at a later date.

**(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

At this time, Defendant does not contend that any person or legal entity is liable to Plaintiff or Defendant in this matter.

**(10) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Responses to Initial Disclosures as Attachment E.)**

Not applicable.

Respectfully submitted this 18th day of June, 2025.

**Lewis Brisbois Bisgaard & Smith LLP**

By: /s/ *Toni J. Read*
Toni J. Read
Georgia Bar No. 140982
600 Peachtree Street, N.E., Suite 4700
Atlanta, Georgia 30308
(404) 567-6589 (telephone)
(404) 467-8845 (facsimile)
Email: toni.read@lewisbrisbois.com

***Attorneys for Defendant***
***City of Stockbridge***

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that this **Defendant's Initial Disclosures** complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia and has been typed in Times New Roman 14 count.

/s/ *Toni J. Read*
Toni J. Read

## Attachment A

1. Plaintiff Lindell Y. Miller. Plaintiff has knowledge of the allegations in her lawsuit and her efforts to mitigate her alleged damages.

2. Renee Wheeler, Human Resources Manager. Ms. Wheeler has knowledge of Defendant's personnel policies and procedures, the concerns that Plaintiff raised about the City Clerk's requests for documents and information from the procurement department, and Plaintiff's employment with Defendant. Ms. Wheeler may only be contacted through defense counsel.

3. John Wiggins, former City of Stockbridge Treasurer. Mr. Wiggins has knowledge of Plaintiff's job duties, job assignments, and job performance. Mr. Wiggins may only be contacted through defense counsel.

4. Vanessa Holiday, City of Stockbridge Clerk. Ms. Holiday has knowledge of her communications with Plaintiff concerning information possessed by the procurement department which Ms. Holiday needed in order to carry out her duties as the City Clerk. Ms. Holiday may only be contacted through defense counsel.

Defendant also identifies as potential witnesses the individuals identified in the parties' written discovery responses, initial disclosures, depositions, or otherwise disclosed during the course of discovery in this matter.

## **Attachment C**

Below Defendant has described, by category and location, the documents that it maintains are relevant to the facts alleged in the pleadings.

1. Plaintiff's personnel file.

2. Defendant's employee handbook.

3. Plaintiff's payroll records.

4. Correspondence which Plaintiff sent to or received from City of Stockbridge personnel and representatives concerning city contracts and other procurement department issues.

5. Documents sent to or received from the EEOC concerning Plaintiff's administrative charges of discrimination.

6. Documents or other information listed or identified in the parties' initial disclosures, discovery responses (including deposition exhibits), or otherwise disclosed during the course of discovery in this matter.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 18th day of June, 2025, a true and exact copy of the foregoing **Defendant's Initial Disclosures** was filed electronically with the Clerk of Court using the CM/ECF system, which will transmit a copy to counsel of record for Plaintiff.

*/s/ Toni J. Read*
Toni J. Read