**THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **LINDELL Y. MILLER,**<br><br>**Plaintiff,**<br>**v.**<br><br>**CITY OF STOCKBRIDGE,**<br><br>**Defendant.** | **CIVIL ACTION FILE NO.:**<br><br>**1:23-cv-04022-MHC-JEM** |

## DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW, Defendant City of Stockbridge ("Defendant" or "Stockbridge" or "City"), and files this Answer to Plaintiff's Amended Complaint ("Amended Complaint"). The headings in Plaintiff's Amended Complaint are included for the convenience of the Court without any intended admission as to the accuracy of their characterizations of facts.

### FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of judicial estoppel, and equitable estoppel.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of

limitations.

**FOURTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Defendant has acted lawfully and in good faith at all times relevant hereto, and has not violated any statutory or legal right of Plaintiff.

**FIFTH DEFENSE**

Plaintiff's claims are barred because Defendant's treatment of Plaintiff was at all times based on factors other than Plaintiff's national origin or her alleged engagement in any protected activity.

**SIXTH DEFENSE**

Plaintiff's claims are barred by Plaintiff's inability to establish causation and because the terms and conditions of Plaintiff's employment relationship with Defendant were based on reasonable non-discriminatory and non-retaliatory factors.

**SEVENTH DEFENSE**

Plaintiff's claims are barred because Plaintiff was not harmed in the manner or to the extent alleged.

**EIGHTH DEFENSE**

Plaintiff's back pay claim is barred, in whole or in part, because Plaintiff failed to mitigate her alleged damages.

**NINTH DEFENSE**

Plaintiff's claim for back pay is limited by the after-acquired evidence doctrine.

**TENTH DEFENSE**

To the extent that an unlawful employment action occurred (an allegation which Defendant denies), the same action would have been taken in the absence of any unlawful motivating factor.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred because, to the extent any person affiliated with Defendant engaged in conduct contrary to the law, such conduct was outside the scope of that person's authority, was in direct contravention of Defendant's express policies, and occurred without the consent or ratification of Defendant.

**TWELFTH DEFENSE**

Plaintiff's hostile work environment claim is barred to the extent that the conduct complained of was not based on Plaintiff's national origin, was not severe or pervasive, and did not alter the terms and conditions of Plaintiff's employment.

**THIRTEENTH DEFENSE**

Plaintiff's hostile work environment claim is barred because, even if any alleged harassment occurred (which Defendant denies), Defendant had a proven, effective and widely disseminated anti-harassment prevention policy that included mechanisms for

reporting and resolving complaints of harassment; Plaintiff failed to take advantage of preventative and corrective opportunities provided by Defendant, and failed to provide Defendant a reasonable opportunity to stop or correct the alleged misconduct and to remedy the alleged harm; and Defendant was not and should not have been aware of the alleged misconduct.

**FOURTEENTH DEFENSE**

Plaintiff's hostile work environment claim is barred because to the extent that any alleged harassment occurred (an allegation which Defendant denies), Defendant took prompt corrective and remedial action.

**FIFTEENTH DEFENSE**

Plaintiff's retaliation claim is barred because Plaintiff did not engage in any statutorily protected activity prior to her voluntary resignation.

**SIXTEENTH DEFENSE**

Plaintiff's retaliation claim is barred because she was not subjected to any materially adverse employment action prior to her voluntary resignation.

**SEVENTEENTH DEFENSE**

Plaintiff's retaliation claim is barred because she cannot demonstrate a causal connection between any alleged statutorily protected activity and any purported materially adverse employment action.

**EIGHTEENTH DEFENSE**

Plaintiff's claim for compensatory damages is barred, in part, by Title VII's damages' cap.

**NINETEENTH DEFENSE**

Defendant reserves the right to amend or assert additional affirmative defenses as facts are developed in the course of additional investigation and discovery.

**TWENTIETH DEFENSE**

Any allegations or prayers for relief set forth in Plaintiff's Amended Complaint that are not expressly admitted, denied, or otherwise responded to are hereby denied.

**RESPONSE TO THE AMENDED COMPLAINT'S ALLEGATIONS**

With respect to the first unnumbered paragraph of the Amended Complaint immediately preceding paragraph 1, Defendant admits that Plaintiff purports to raise claims against Stockbridge under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Defendant denies the remaining allegations contained in the first unnumbered paragraph of the Amended Complaint given the Court's November 4, 2024 Order dismissing the individual defendants from this case, as well as the Court's June 3, 2025 Order dismissing Plaintiff's claim under the Georgia Whistleblower Protection Act.

## JURISDICTION

1.

Defendant admits that jurisdiction is appropriate in this Court but denies that it violated Title VII.

## VENUE

2.

Defendant admits that venue is proper in this Court but denies that it engaged in any unlawful employment practices within this district or any other district.

## PARTIES

3.

Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 3 of the Amended Complaint; therefore, those allegations are denied.

4.

Defendant admits the allegations in paragraph 4 of the Amended Complaint.

5.

Defendant admits the allegations in paragraph 5 of the Amended Complaint.

6.

Defendant admits the allegations in paragraph 6 of the Amended Complaint.

7.

Defendant admits the allegations in paragraph 7 of the Amended Complaint.

## STATEMENT OF ALLEGATIONS

8.

Defendant admits the allegations in paragraph 8 of the Amended Complaint.

9.

Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 9 of the Amended Complaint; therefore, those allegations are denied.

10.

Defendant denies the allegations in paragraph 10 of the Amended Complaint.

11.

Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 11 of the Amended Complaint; therefore, those allegations are denied.

12.

Defendant admits the allegations in paragraph 12 of the Amended Complaint.

13.

Defendant admits the allegations in paragraph 13 of the Amended Complaint.

14.

Defendant admits the allegations in paragraph 14 of the Amended Complaint.

15.

Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 15 of the Amended Complaint concerning what Plaintiff's co-workers allegedly heard; therefore, those allegations are denied. Defendant denies that Ms. Holiday made any discriminatory remarks about "island people" and denies the remaining allegations in paragraph 15 of the Amended Complaint.

16.

Defendant denies the allegations in paragraph 16 of the Amended Complaint.

17.

Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 17 of the Amended Complaint; therefore, those allegations are denied.

18.

Defendant denies the allegations in paragraph 18 of the Amended Complaint.

19.

Defendant denies the allegations in paragraph 19 of the Amended Complaint.

20.

Defendant denies the allegations in paragraph 20 of the Amended Complaint.

21.

Defendant denies the allegations in paragraph 21 of the Amended Complaint.

22.

Defendant denies the allegations in paragraph 22 of the Amended Complaint.

23.

Defendant denies the allegations in paragraph 23 of the Amended Complaint.

24.

Defendant admits the allegations in the first sentence of paragraph 24 of the Amended Complaint. Defendant denies the allegations in the second sentence of paragraph 24 of the Amended Complaint.

25.

Defendant admits the allegations in paragraph 25 of the Amended Complaint but denies that the concerns raised by Plaintiff pertained to allegations of national origin harassment or retaliation for engaging in protected activity under Title VII.

26.

Defendant admits the allegations in paragraph 26 of the Amended Complaint but denies that the concerns raised by Plaintiff pertained to allegations of national origin harassment or retaliation for engaging in protected activity under Title VII.

27.

Defendant denies the allegations in paragraph 27 of the Amended Complaint.

28.

Defendant denies the allegations in paragraph 28 of the Amended Complaint.

29.

Defendant denies the allegations in paragraph 29 of the Amended Complaint.

30.

Defendant denies the allegations in paragraph 30 of the Amended Complaint.

31.

Defendant admits only that, in the Summer of 2021, Stockbridge's attorneys reviewed all of the City's processes and procedures, including those of the Procurement Department. Defendant denies the remaining allegations in paragraph 31 of the Amended Complaint.

32.

Defendant denies the allegations in paragraph 32 of the Amended Complaint.

33.

Defendant denies the allegations in paragraph 33 of the Amended Complaint.

34.

Defendant denies the allegations in paragraph 34 of the Amended Complaint.

35.

Defendant denies the allegations in paragraph 35 of the Amended Complaint.

36.

Defendant denies that it ever failed to hire Plaintiff for any position and denies the remaining allegations in paragraph 36 of the Amended Complaint.

37.

Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 37 of the Amended Complaint regarding Plaintiff being offered a Correctional Officer job with the Georgia Department of Corrections in 2022; therefore, those allegations are denied.

38.

Defendant denies the allegations in paragraph 38 of the Amended Complaint.

39.

Defendant admits only that Plaintiff voluntarily resigned her employment on or about September 27, 2023. Defendant denies the remaining allegations in paragraph 39 of the Amended Complaint.

40.

Defendant denies the allegations in paragraph 40 of the Amended Complaint.

## CAUSE OF ACTION I

41.

Defendant incorporates herein its responses to the preceding paragraphs of the Amended Complaint.

42.

Defendant denies the allegations in paragraph 42 of the Amended Complaint.

43.

Defendant denies the allegations in paragraph 43 of the Amended Complaint.

44.

Defendant denies the allegations in paragraph 44 of the Amended Complaint.

## CAUSE OF ACTION II

45.

Defendant incorporates herein its responses to the preceding paragraphs of the Amended Complaint.

46.

Defendant denies the allegations in paragraph 46 of the Amended Complaint.

47.

Defendant denies the allegations in paragraph 47 of the Amended Complaint.

48.

Defendant denies the allegations in paragraph 48 of the Amended Complaint.

49.

Defendant denies the allegations in paragraph 49 of the Amended Complaint.

50.

Defendant denies the allegations in paragraph 50 of the Amended Complaint.

## PRAYER FOR RELIEF

Defendant denies the unnumbered allegations contained in the *ad damnum* paragraph of the Amended Complaint, which begin with "WHEREFORE" and includes subparagraphs (a) through (e), immediately following paragraph 50 of the Amended Complaint and further denies that Plaintiff is entitled to the relief sought in the Amended Complaint or any relief whatsoever in this action.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, Defendant respectfully requests that the Court dismiss the Amended Complaint, enter judgment in favor of Defendant, tax all costs against Plaintiff and grant such other and further relief as the Court deems appropriate.

Respectfully submitted this 29th day of July, 2025.


**Lewis Brisbois Bisgaard & Smith LLP**

By: *<u>/s/ Toni J. Read</u>*
Toni J. Read
Georgia Bar No. 140982
600 Peachtree Street NE, Suite 4700
Atlanta, Georgia 30308
(404) 567-6589 (telephone)
(404) 467-8845 (facsimile)

Email: toni.read@lewisbrisbois.com

***Attorneys for Defendant***
***City of Stockbridge***

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that this **DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia and has been typed in Times New Roman 14 count.

*/s/ Toni J. Read*
Toni J. Read

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 29th day of July, 2025, a true and exact copy of the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** was filed electronically with the Clerk of Court using the CM/ECF system and has been sent via U.S. Mail, postage prepaid and addressed as follows to Plaintiff:

Lindell Y. Miller
20 Fox Chase Ct.
Stockbridge, GA 30281

/s/ *Toni J. Read*
Toni J. Read